# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1980-18T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

TIGE J. CLARK,

     Defendant-Respondent.

_____

Argued June 4, 2019 – Decided July 3, 2019

Before Judges Yannotti, Gilson, and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 17-01-0091.

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for appellant (Andrew C. Carey, Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

Marco A. Laracca argued the cause for respondent (Bio & Laracca, PC, attorneys; Marco A. Laracca, of counsel and on the brief).

PER CURIAM

The State appeals, on leave granted, from an order entered by the trial court on November 26, 2018, dismissing count two of Indictment No. 17-01-0091, charging possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4(a)(1). We reverse.

On January 20, 2017, a Middlesex County grand jury returned Indictment No. 17-01-0091, charging defendant with third-degree terroristic threats, N.J.S.A. 2C:12-3(a) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count two); and fourth-degree unlawful possession of a large-capacity ammunition magazine, N.J.S.A. 2C:39-3(j) (count three).

The grand jury also returned Indictment No. 17-01-0098, in which defendant was charged with fourth-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(a). In addition, defendant was charged in a complaint warrant with harassment, N.J.S.A. 2C:33-4(a), a petty disorderly persons offense.

Detective Joseph Indano of the South Plainfield Police Department (SPPD) was the sole witness in the grand jury proceeding. Indano testified that on July 17, 2016, he responded to a reported domestic disturbance at a home in South Plainfield, and met with Officer Robles, who is also from the SPPD. Robles informed Indano that A.P., the woman who lived in the home, had called

9-1-1.[1]  A.P. told Robles that earlier that afternoon, she was involved in an argument with her boyfriend, who was later identified as defendant.

A.P. informed Robles there was a firearm in the home that belonged to defendant.  With A.P.'s consent, Robles searched a closet in the home and discovered a semi-automatic pistol loaded with sixteen bullets.  When questioned by Indano, defendant admitted he did not have a valid permit for the weapon.  A.P. thereafter responded to the police station and provided a statement.

Indano testified that A.P. said that during their argument, defendant stated, "I'm done f'ing with you.  Just so you know, or, just so you remember, I have a gun, and, it's right here."  According to A.P., defendant then pointed to the closet.  Indano testified that A.P. said defendant's remark frightened her especially because "she had no idea that [defendant] even had a gun in the house[.]"

On October 26, 2018, defendant filed a motion to dismiss count one (terroristic threats) and count two (possession of a weapon for an unlawful purpose) of Indictment No. 17-01-0091.  On November 26, 2018, the judge heard oral arguments and placed a decision on the record.  The judge found that

---

[1]  We use initials to identify the alleged victim.  See R. 1:38-3(c)(12).

3

the State had presented sufficient evidence to support the charge of terroristic threats. The judge found that based on the evidence presented to the grand jury, a legitimate inference could be drawn that defendant made the statement regarding the gun to put A.P. in fear of either bodily injury, serious bodily injury, or death.

The judge decided, however, that the State had not presented the grand jury with sufficient evidence to support the charge of possession of a weapon for an unlawful purpose. The judge stated that defendant did not need to possess the weapon to make a terroristic threat because a terroristic threat "is provable without the gun."

The judge said it would be a "closer call" if defendant had displayed the weapon when he made the verbal threat. The judge concluded that under the facts of this case, it did not matter "if the gun was there or not[.]" The judge entered an order dated November 26, 2018, dismissing count two of the indictment.

We thereafter granted the State's motion for leave to appeal from the court's order. Defendant then filed a motion for leave to file a cross-appeal. We denied defendant's motion.

On appeal, the State argues that it presented sufficient evidence to the grand jury to establish a prima facie case that defendant possessed a firearm for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(a)(1). The State therefore argues that the court erred by dismissing count two of the indictment.

"An indictment is presumed valid and should only be dismissed if it is 'manifestly deficient or palpably defective.'" State v. Feliciano, 224 N.J. 351, 380 (2016) (quoting State v. Hogan, 144 N.J. 216, 229 (1996)). Although the decision to dismiss a grand jury indictment "is addressed to the discretion of the trial court," that discretion is reserved only for "the clearest and plainest ground." Ibid. (first citing State v. McCrary, 97 N.J. 132, 144 (1984); then quoting State v. N.J. Trade Waste Ass'n, 96 N.J. 8, 18 (1984)).

"At the grand jury stage, the State is not required to present enough evidence to sustain a conviction." Ibid. (citing N.J. Trade Waste Ass'n, 96 N.J. at 27). "As long as the State presents 'some evidence establishing each element of the crime to make out a prima facie case,' a trial court should not dismiss an indictment." Ibid. (emphasis added) (quoting State v. Saavedra, 222 N.J. 39, 57 (2015)). "[A] court examining a grand jury record should determine whether, 'viewing the evidence and the rational inferences drawn from that evidence in the light most favorable to the State, a grand jury could reasonably believe that

a crime occurred and that the defendant committed it.'" Id. at 380-81 (quoting State v. Morrison, 188 N.J. 2, 13 (2006)).

Here, the grand jury charged defendant with possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(a)(1). That offense is comprised of four elements: "(1) the object possessed was a firearm; (2) defendant possessed it; (3) the purpose of the possession was to use the firearm against another's property or person; and (4) defendant intended to use it in a manner that was unlawful." State v. Banko, 182 N.J. 44, 56-57 (2004) (citing State v. Brims, 168 N.J. 297, 303 (2001)).

In his decision, the judge acknowledged that the State had presented sufficient evidence to establish the first two elements of the offense. The evidence showed that there was a firearm in the closet of A.P.'s residence, and defendant's statement supported the conclusion that he had constructive possession of that weapon. The judge found, however, that the State did not present sufficient evidence to show that defendant's purpose in possessing the weapon was to use it against another person in a manner that was unlawful.

We disagree with the judge's analysis. To find a person guilty of possession of a weapon for an unlawful purpose, the State must establish that the defendant armed himself "with the actual purpose of using the weapon

A-1980-18T4

against another in a criminal manner." State v. Harmon, 104 N.J. 189, 204 (1986). In this case, the State alleges that defendant possessed the weapon for the unlawful purpose of using it to make terroristic threats or harass A.P.

To find a defendant guilty of making a terroristic threat in violation of N.J.S.A. 2C:12-3(a)(1), "the State must prove, beyond a reasonable doubt, that defendant: (1) threatened to commit a crime of violence; and (2) he intended to terrorize the victim, or acted in reckless disregard of the risk of doing so." State v. Tindell, 417 N.J. Super. 530, 553 (App. Div. 2011) (citation omitted). Moreover, [t]he communication must be of such a character that a reasonable person would have believed the threat." Ibid. (citation omitted).

In addition, to find a defendant guilty of harassment under N.J.S.A. 2C:33-4(a), the State must prove beyond a reasonable doubt that:

> (1) defendant made or caused to be made a communication; (2) defendant's purpose in making or causing the communication to be made was to harass another person; and (3) the communication was in one of the specified manners [in the statute] or any other manner similarly likely to cause annoyance or alarm to its intended recipient.
>
> [State v. Hoffman, 149 N.J. 564, 576 (1997)].

Here, the evidence shows that defendant did not merely make verbal threats or communications to A.P. during their argument. According to A.P.,

defendant stated that there was a gun in the closet, and when he made that statement, he pointed in the direction of the closet. Based on this evidence, a reasonable fact-finder could find that at the time defendant possessed the weapon, he did so with the purpose of using it to threaten or terrorize A.P., or harass her by causing her annoyance or alarm.

On appeal, defendant argues that according to the State's version of the incident, the gun was in the closet and apparently had been there for some time. Defendant asserts that at the time of the alleged incident, he did not have actual or constructive possession of the weapon because he was no longer allowed in A.P.'s house. We disagree. The grand jury testimony shows that at the time of the incident, defendant was in the home, whether he was allowed to be there or not. There is sufficient evidence to allow a reasonable fact-finder to conclude that, at the time of the alleged incident, defendant was in constructive possession of the weapon.

Defendant further argues that in her statement to the police, A.P. reported that defendant never told her he would kill her. Defendant asserts that A.P. only said that he stated there was a firearm in the closet and pointed in that direction. He argues that pointing out the presence of a weapon does not amount to an unlawful purpose. Again, we disagree. Based on the evidence presented in the

8

grand jury testimony, a reasonable fact-finder could conclude that at the time he referred to the gun and pointed to the closet, defendant was in constructive possession of the weapon, with the purpose of using it unlawfully to make terroristic threats or harass A.P.

Defendant also argues that the trial court's order dismissing count two should be affirmed because the State failed to provide the grand jury with A.P.'s complete statement. Defendant claims the State did not inform the grand jury that A.P. reported to the police that defendant never told her he was going to kill her. He contends this statement was materially exculpatory.

We are not persuaded by defendant's argument. A prosecutor has a duty to provide the grand jury with "evidence that is credible, material, and so clearly exculpatory as to induce a rational grand juror to conclude that the State has not made out a prima facie case against the accused." State v. Hogan, 144 N.J. 216, 236 (1996). A prosecutor has no duty, however, to provide evidence to the grand jury unless it "squarely refutes an element of the crime in question[.]" Id. at 237.

Here, the prosecutor had no duty to provide the jury with A.P.'s statement that defendant did not threaten to kill her because that statement was not "clearly exculpatory" and it did not "squarely refute[]" any element of the weapons

charge. To support the charge that defendant possessed the weapon for the unlawful purpose of making terroristic threats or harassment, the State did not have to establish that defendant threatened to kill A.P. A.P.'s statement that defendant did not threaten to kill her did not negate any element of the offense.

Therefore, we reverse the trial court's order of November 26, 2018, reinstate count two of Indictment No. 17-01-0091, and remand the matter to the trial court for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1980-18T4